**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TRACY EDWARDS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 08-cv-1907 (JCH) |
| | : | |
| WILLIAM RAVEIS REAL | : | |
| ESTATE, INC., | : | |
| Defendant. | : | MAY 18, 2009 |

**RULING ON DEFENDANT'S MOTION TO DISMISS [DOC. NO. 7]**

**I.     INTRODUCTION**

The plaintiff, Tracy Edwards, brings this action against defendant William Raveis

Real Estate, Inc ("William Raveis"), alleging statutory violations of the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. and violations of

the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-58

et seq.  William Raveis has moved to dismiss Count Two of the Complaint (Doc. No. 1)

for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)

(1).  For the following reasons, William Raveis' Motion to Dismiss (Doc. No. 7) is

granted.

**II.     STANDARDS FOR REVIEW**

In deciding a motion to dismiss, the court accepts the allegations in the

complaint as true and construes them in a manner favorable to the pleader.  Hoover v.

Ronwin, 466 U.S. 558, 587 (1984); Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188

(2d Cir. 1998).  The court must draw all reasonable inferences in the plaintiff's favor.

See, e.g., Lunney v. United States,  319 F.3d 550, 554 (2d Cir. 2003) (discussing Rule

12(b)(1) motion to dismiss).

A case is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint."  Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. , 232, 236 (1974)).  The court, however, refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]."  Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).  On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint.  Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir. 1993).  Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits."  Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

III.   FACTS

Edwards is a fifty-one year old resident of Connecticut.  William Raveis is a domestic real estate corporation with its principal place of business in Shelton, Connecticut.  Edwards was an employee of William Raveis for three and one half years. She was hired in June 2004 for the position of Director of Purchasing and was later promoted to the position of Vice President of Facilities and Purchasing in 2006.  During

2

her tenure at William Raveis, Edwards' work performance met the legitimate expectations of the company.  She received full bonuses for the years 2006 and 2007. In late 2007, William Raveis instructed Edwards to help train a younger, less experienced, newly appointed Vice President in the area of facilities and purchasing.

At the end of 2007, Edwards' turned fifty years old.  Around the time of her birthday, several employees referred to Edwards as "over the hill."  On or about April 18, 2008, William Raveis terminated Edwards' employment citing "downsizing" as the reason for termination.  Immediately after terminating her, William Raveis replaced Edwards with the younger, less experienced employee that Edwards had trained. Edwards alleges that her termination was motivated by age discrimination.

On October 8, 2008, Edwards filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  On November 18, 2008, the EEOC issued Edwards a Notice of Right to Sue Letter.  Edwards commenced this action on December 16, 2008.

**IV.   DISCUSSION**

William Raveis argues that Edwards' claims under the CFEPA should be dismissed for lack of subject matter jurisdiction because Edwards did not exhaust her administrative remedies.  Specifically, it claims that because Edwards did not receive a right to sue letter from the Commission on Human Rights and Opportunities ("CHRO") this court does not have jurisdiction over her claims under the CFEPA.  Indeed, "[b]efore bringing a CFEPA claim in federal court, a plaintiff must first exhaust her administrative remedies."  Ghaly v. Simsarian, 3:04CV01779(AWT), 2009 U.S. Dist. LEXIS 23762 *13 (D. Conn. 2009).  The CFEPA states that an individual who has

3

"timely filed a complaint with the ["CHRO"] . . . and who has obtained a release from the commission . . . may also bring an action in the superior court . . . ." Conn. Gen. Stat. § 46a-100.  Edwards concedes that she did not file a complaint with the CHRO, Mem. in Opp. at 3, nor did she receive a release of jurisdiction from them.  Instead, she asserts that because she filed a charge with the EEOC, she satisfied her obligations under CFEPA because the EEOC and CHRO have a work-sharing agreement.  The court disagrees.

Edwards is correct in asserting that the CHRO has a work-sharing agreement with the EEOC, "whereby it is authorized to accept charges for the EEOC and that charges may be dual-filed."  Ghaly, 2009 U.S. Dist. LEXIS 23762 at *15 (quoting Ortiz v. Prudential Ins. Co., 94 F. Supp. 2d 225, 231 (D. Conn. 2000)).  However, whether that work-sharing agreement allows an EEOC right to sue letter to serve as exhaustion of administrative remedies pursuant to CFEPA is disputed by the parties.

The language in the work-sharing agreement is confusing at best.  See Mem. in Opp. Exh. 1.   Paragraph A of Section II states in pertinent part:

> In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges.  The EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purpose of Section 706 (c) and (e) (1) of Title VII. . . .

Id.  The first sentence of this paragraph appears to support plaintiff's claim that a filing with one agency is deemed a filing with the other agency.  However, the second sentence limits that first sentence to include only filings related to Title VII claims.  This reading, that the automatic dual-filing is limited to Title VII claims, can only be

understood in the context of the remaining paragraphs of Section II of the agreement. Paragraph B instructs CFEPA to "take all charges alleging a violation of Title VII, the ADEA, the EPA or the ADA where both the FEPA and the EEOC have mutual jurisdiction . . . ." Id.  Thus, paragraph B suggests that the CHRO may receive ADEA claims on behalf of the EEOC but it does not read that the EEOC may accept ADEA claims on behalf of the CHRO, as the plaintiff suggests.  Furthermore, paragraph E states that "[w]ithin ten calendar days of receipt, each Agency agrees that it will notify both the Charging Party and the Respondent of the dual filed nature of each such charge it receives . . . . " Id.  There is no evidence that either party here received this notice.  The court reads the second sentence of Paragraph A to limit automatic initiation of a CHRO claim upon filing with the EEOC to Title VII claims, and it reads the first sentence to relate to cross-filing only as specifically addressed in that and other paragraphs of section II.

The caselaw also supports this reading of the work-sharing agreement.  Edwards cites Ortiz in which case the plaintiff filed a complaint with the CHRO alleging discrimination on the basis of his national origin.  The CHRO subsequently issued him a right to sue letter.  The plaintiff in Ortiz did not file a complaint with the EEOC.  The Ortiz court determined that the "failure to obtain a right to sue notice from the EEOC is not a fatal jurisdictional bar to suit." Ortiz, F.Supp.2d at 231.  In arriving at this decision, the court noted the work-sharing relationship between the CHRO and EEOC and stated that "the plaintiff's CHRO complaint included an EEOC charge form" and "the EEOC normally adopts the finding of the state agency as its own." Id.  Similarly, in Burke v. Cornerstone, the court held that the lack of a right to sue letter from the EEOC did not

5

bar the plaintiff's claim because a release provided by the CHRO was sufficient in light of the work-sharing agreement.  3:07CV889 (MRK), 2007 U.S. Dist. LEXIS 76662 *5 (D. Conn. 2007).  Moreover, the fact that the CHRO release of jurisdiction cited both the CHRO and EEOC case numbers evidenced the need to only file with the CHRO to commence a complaint with the EEOC.  Id.  Thus, in both Ortiz and Burke, the courts found that a plaintiff need only demonstrate that it received a right to sue letter from the CHRO, not the EEOC, before commencing a lawsuit.

However, Edwards cites no cases in which a court has held that the inverse is true (e.g., that an EEOC right-to-sue letter is sufficient to satisfy the exhaustion requirements of the CFEPA).  In fact, a sister court in this district recently held the opposite.  Ghaly, 2009 U.S. Dist. LEXIS at *15 ("the issue [in this case] is whether a plaintiff can satisfy the requirement that she obtain a release of jurisdiction from the CHRO by obtaining a right-to-sue letter from the EEOC.  She cannot.").  Other courts have held on the facts before them that a filing with the EEOC does not preserve a claim with the CHRO.  See Meehan v. Davita, 3:08-cv-0877 (WWE), 2008 U.S. Dist. LEXIS *2-3 (D. Conn. 2008) ("the filing of a claim with the EEOC does not necessarily serve as the administrative prerequisite to a court's exercising jurisdiction over a CFEPA claim."); Sebold v. City of Middletown, 3:05CV1205 (AHN), 2007 U.S. Dist. LEXIS 70081 *58-59 (D. Conn. 2007) ("A right to sue letter from the EEOC does not permit a person to file a claim with the Superior Court on an employment discrimination cause of action without a release of jurisdiction from the CHRO because the right to sue from the EEOC has no legal significance under the CFEPA.") (internal quotations and citations omitted); Aukstolis v. AHEPA 58/Nathan Hale Senior Center, 3:07-cv-51

(JCH), 2007 U.S. Dist. LEXIS 32984 *13 (D. Conn. 2007) (same).  Thus, though

Edwards demonstrated that a work-sharing agreement was in effect between the

CHRO and EEOC when she filed her original administrative charge, see Mem. in Opp.

Exhs. 2 and 3, she has not demonstrated that, under the agreement, the CHRO would

deem a filing with the EEOC to be a release of jurisdiction by the CHRO.  See

Aukstolis, 2007 U.S. Dist. LEXIS 32984 at *13 (D. Conn. 2007) (citing Bogle-Assegai v.

State of Connecticut, 470 F.3d 498, 505 (2d Cir. 2006)).

 The court therefore grants William Raveis' Motion to Dismiss Edwards' CFEPA

claim in Count Two for lack of personal jurisdiction.  The court's granting of the Motion

is without prejudice to Edwards to re-plead the CFEPA claim if she can demonstrate

compliance with section 46a-100, by demonstrating that the right to sue letter from the

EEOC satisfies the requirements under CHRO, either by showing that the letter

contained both EEOC and CHRO case numbers, see, e.g., Burke, 2007 U.S. Dist.

LEXIS 76662 at *5, or otherwise.

## V. CONCLUSION

 For the foregoing reasons, William Raveis' Motion to Dismiss Count Two of the

Complaint (Doc. No. 7) is GRANTED.

**SO ORDERED.**

 Dated this 18th day of May, 2009, at Bridgeport, Connecticut.


   /s/ Janet C. Hall
   Janet C. Hall
   United States District Judge